# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CITY OF HENDERSONVILLE, TENNESSEE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMERICAN SOUTHERN INSURANCE ) <br> COMPANY and MANSKER FARMS, LLC, ) <br> ) <br> Defendants. ) | Civil No. 3:13-0249 <br> Judge Trauger |

## **MEMORANDUM and ORDER**

The plaintiff has filed a Motion to Remand to State Court (Docket No. 7), to which defendant American Southern Insurance Company ("American") has responded in opposition (Docket No. 8). Also pending are defendant American's Motion to Enlarge the Removal Period (Docket No. 9), to which the plaintiff has responded in opposition (Docket No. 14), and defendant American's Motion to Drop Dispensable Party (Docket No. 10), to which the plaintiff has responded in opposition (Docket No. 13).

The Motion to Remand asserts that the Notice of Removal (Docket No. 1) was filed one day beyond the deadline and that the assertion that defendant Mansker Farms, LLC ("Mansker") is not a real party in interest is without merit. If Mansker is a dispensable party, then dropping it from the case will remove the impediment to this court's diversity jurisdiction.

The initial arguments made by American as to defendant Mansker related to the fact that Mansker had been administratively dissolved as an LLC and could not be sued. This assertion appears to be in error, given that T.C.A. § 48-245-305(b)(2) provides that the "termination of LLC existence [by administrative dissolution] shall not take away or impair any remedy to or

1

against the LLC or its members, governors, or managers for any right or claim existing or any liability incurred prior to such termination. Any such action or proceeding by or against the LLC may be prosecuted or defended by the LLC in its LLC name." Regardless, the record reflects that the Secretary of State has reinstated Mansker and changed its status back to "active" as of May 8, 2013. (Docket No. 15, Ex. A)

The court must determine, however, if Mansker is a proper defendant against whom valid claims have been made by the plaintiff. Defendant American asserts that "the thrust of Plaintiff's Complaint is ASIC's alleged liability under the Bonds, not the liability of Mansker Farms, LLC, which is dissolved and no longer extant." (Docket No. 1 at 2) To the contrary, the City of Hendersonville has sued Mansker for its failure to properly complete required improvements on a subdivision located in Hendersonville, Tennessee and has also sued defendant American, which issued bonds to secure the completion of the subdivision by Mansker. (Complaint, Docket No. 1, Ex. A, ¶4) Moreover, the performance bonds attached to the Complaint supporting its allegations make both American and Mansker Farms jointly liable for non-performance. For these reasons, clearly Mansker Farms is a proper defendant in this case.

Because Mansker Farms is a Tennessee LLC, its presence in this case destroys diversity jurisdiction. It is therefore **ORDERED** that the Motion to Remand to State Court (Docket No. 7) is **GRANTED**, and this case is **REMANDED** to the Circuit Court For Sumner County, Tennessee, from which it was removed. Defendant American's Motion to Drop Dispensable Party (Docket No. 10) is **DENIED**, and its Motion to Enlarge Removal Period (Docket No. 9) is **DENIED AS MOOT**.

It is so **ORDERED**.

ENTER this 26th day of June 2013.

                                                                    _____
                                                                       ALETA A. TRAUGER
                                                                       U.S. District Judge